**Parmajit Singh SANDHU; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71744.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Alan R. Diamante, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Barry J. Pettinato, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Parmajit Singh Sandhu and Rajwinder Kaur Sandhu, husband and wife and natives and citizens of India, along with their child Rajneesh Kaur Sandhu, petition for review of the Board of Immigration Appeals ("BIA") order concluding that Rajwinder Kaur Sandhu was ineligible for asylum and withholding of removal because she did not establish persecution on account of a protected ground. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). We grant the petition and remand.

Although Rajwinder Sandhu was listed as a derivative applicant on her husband's asylum application, the IJ and BIA examined her independent claim that, after her husband departed from India, she was raped by police, who called her a Sikh whore and the wife of a deserter. We review the BIA's determination that this rape did not constitute persecution on account of a protected ground, *cf. id.* at 864 ("Where, as here, the IJ and the BIA address spouses' applications for asylum together, we do the same on appeal"), and conclude that it is not supported by substantial evidence.

Because Sandhu established the requisite past persecution on account of religion, she is entitled to the presumption of a well-founded fear of future persecution upon her return to India. *See Ernesto Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000). We remand to the BIA to consider whether the government provided evidence sufficient to rebut this presumption. *See Lopez v. Ashcroft*, 366 F.3d 799, 805–07 (9th Cir.2004) (concluding that petitioner established past persecution, and remanding to assess "whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination.").

**PETITION FOR REVIEW GRANTED; REMANDED.**